IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SANDERS LITTLE,

    Plaintiff,

v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Civ. No. 3:14-cv-00974-PA

ORDER

PANNER, District Judge.

Plaintiff Sanders Little ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding him not disabled under Title XVI of the Social Security Act. For the reasons below, the Commissioner's decision is AFFIRMED.

## BACKGROUND

Born in May 1958, Plaintiff was 52 years old on the alleged disability onset date of August 12, 2010. Tr. 15, 21. Plaintiff speaks English and has a limited education. Tr. 22. Plaintiff previously sought benefits and was denied on February 25, 2010. Tr. 13. Plaintiff did not appeal that decision. *Id.*

Plaintiff's present application alleged disability due to epilepsy, arthritis, back pain, and hepatitis B. Tr. 68. Plaintiff's application was denied initially and upon review. Tr. 13. Plaintiff requested and was granted a hearing before Administrative Law Judge ("ALJ") Andrew

Grace, which was held on October 26, 2012. *Id.* The ALJ issued a decision finding Plaintiff not disabled on November 28, 2012. Tr. 23. The Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's decision the final Agency decision. Tr. 1-3; 20 C.F.R. § 422.210. Plaintiff now appeals the denial of this application for benefits.

Subsequently, Plaintiff made a successful application for benefits alleging disability from August 7, 2014. Pl.'s Reply Ex. A.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);

416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.
4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.
5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of August 12, 2010. Tr. 15. At step two, the ALJ found that Plaintiff had the following severe impairments: arthritis, carpal tunnel syndrome, degenerative disc disease, chronic obstructive pulmonary disease, and seizure disorder. *Id.* At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment. Tr. 17.

In assessing the Plaintiff's RFC, the ALJ found that Plaintiff had the residual functional capacity to perform light work with the following limitations: he is limited to four hours of standing/walking during an eight-hour workday; only occasional climbing of ramps/stairs and stooping; only frequent overhead reaching bilaterally; only frequent handling and fingering; no exposure to hazards or pulmonary irritants; and no climbing of ropes, ladders, or scaffolds. Tr. 17-18.

At step four, the ALJ found that Plaintiff had no past relevant work and that transferability of job skills was therefore not an issue. Tr. 21-22. The ALJ further found that Plaintiff was approaching advanced age at the time of his application and that he had limited education and was capable of communicating in English. *Id.* At step five, based on the testimony of a vocational expert, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy, including café attendant, laundry folder, and small products assembler. Tr. 22. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 23.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) making findings on Plaintiff's handling and fingering limitations that were not supported by substantial evidence; (2) failing to order an updated consultative examination to assess Plaintiff's handling and fingering limitations; and (3) improperly rejecting Plaintiff's testimony. Plaintiff also asserts that the Appeals Council erred by not including all of Plaintiff's post-hearing evidence in the administrative record and requests a remand for consideration of new evidence.

### I. The ALJ's findings were supported by substantial evidence.

Plaintiff contends that the ALJ's findings on Plaintiff's handling and fingering limitations were not supported by substantial evidence. In particular, Plaintiff points to the medical reports of Dr. Charles Layman, which were not presented to the ALJ but some of which were considered by the Appeals Council and included in the administrative record.[1] Tr. 681-83.

On August 28, 2013, Dr. Layman noted that Plaintiff had electrodiagnostic evidence consistent with right carpal tunnel syndrome and ulnar nerve compression in the right upper extremity, as well as a decreased range of motion in the fingers of his right hand. Tr. 681. This is consistent with the ALJ's finding that Plaintiff's carpal tunnel syndrome constituted a severe impairment. Tr. 15. The ALJ accounted for Plaintiff's limitations by limiting him to only frequent handling and fingering. Tr. 18. There is no indication on this record that Dr. Layman's report of August 28, 2013, would have resulted in a greater degree of limitation as of November 28, 2012, when the ALJ issued his decision. I conclude, therefore, that the ALJ's determination as to Plaintiff's limitations in handling and fingering was supported by substantial evidence.

---

[1] Dr. Layman examined Plaintiff after the ALJ issued his decision in November 2012. Some of Dr. Layman's records were considered by the Appeals Council and included in the administrative record. The Appeals Council found that other records dealt with conditions outside of the period under review and declined to include them. Tr. 2, 6.

## II. The ALJ properly declined to order a consultative examination.

Plaintiff contends that the ALJ did not develop the record adequately because he did not order a consultative examination to establish Plaintiff's handling and fingering limitations.

Critical to the disability determination process "is the gathering and presentation of medical evidence. The burden of demonstrating disability lies with the claimant." *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001). Nevertheless, "the ALJ has a duty to assist in developing the record." *Id.* at 841 (quoting *Armstrong v. Comm'r*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f), 416.912(d)-(f)). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001). "One of the means available to an ALJ to supplement an inadequate medical record is to order a consultative examination, *i.e.*, 'a physical or mental examination or test purchased for [a claimant] at [the Commissioner's] request and expense.'" *Reed*, 270 F.3d at 841 (quoting 20 C.F.R. §§ 404.1519; 416.919).

In this case, Plaintiff was examined by Olga Senashova, M.D., on December 18, 2010. Tr. 477. Dr. Senashova found that Plaintiff was able to grip and hold objects, as well as grasp and manipulate normally. Tr. 481. Dr. Senashova also noted that Plaintiff was able to remove his shoes without difficulty. Tr. 479. On April 24, 2012, Plaintiff was examined by Jeffery Tyler, M.D., who found that Plaintiff's hands and wrists were normal, bilaterally. Tr. 589. On September 18, 2012, Plaintiff was seen by Stephen Slattery, D.O., who noted Plaintiff's carpal tunnel syndrome but found that Plaintiff had a full range of motion with no edema and no tenderness. Tr. 612-13.

I conclude that the record before the ALJ was not so ambiguous or inadequate as to trigger the ALJ's duty to develop the record. The ALJ did not err by declining to order a consultative examination.

### III. The ALJ properly assessed Plaintiff's credibility.

Plaintiff contends that the ALJ erred by rejecting Plaintiff's testimony with regard to his handling and fingering limitations.

When gauging a claimant's credibility, an ALJ must engage in a two-step process. 20 C.F.R. §§ 404.1529; 416.929. First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, if such evidence exists, barring affirmative evidence of malingering,[2] the ALJ must give clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Id.* at 1284; *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). A general assertion that the Plaintiff is not credible is insufficient. The ALJ must identify what testimony is not credible and what evidence undermines the claimant's allegations. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, Plaintiff testified that he supports himself by collecting cans for between four and five hours per day. Tr. 36-37. Plaintiff testified that wrist pain and inability to grip interfered with his ability to collect cans. Tr. 37. This pain and grip difficulty began approximately one year before the hearing. Tr. 38. Plaintiff stated that on a normal day he did not have difficulty picking up cans, but that he struggled with heavier objects. Tr. 39. Plaintiff also testified that he will sometimes use a stick to pick up cans in order to work around his grip difficulties. *Id.* Plaintiff described numbness and swelling in his fingers approximately three

---

[2] The ALJ found no evidence of malingering in this case.

times per week. Tr. 40. Plaintiff testified that his doctors prescribed braces for his wrists, but that he could not afford the braces. *Id.* Plaintiff's wrist and hand problems were instead treated by pain management, although Plaintiff's physicians also discussed a surgical solution to Plaintiff's wrist problem, but Plaintiff declined that option in favor of ongoing pain management. Tr. 40-41.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. Tr. 19. The ALJ nevertheless found that Plaintiff was not credible because 1) the objective findings did not support the degree of impairment alleged by Plaintiff; 2) Plaintiff's activity level was not consistent with his claimed limitations; 3) Plaintiff's credibility was undermined by his drug-seeking behavior; and 4) Plaintiff was not compliant with recommended treatment. Tr. 19-20. Plaintiff specifically challenges the ALJ's conclusion that Plaintiff's daily activities do not support his claimed limitations.

The consistency of a claimant's daily activities with the medical record is relevant when determining the claimant's credibility and may constitute a clear and convincing reason to reject a claimant's testimony. *Smolen*, 80 F.3d at 1284. "Even when those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally disabling impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).

In this case, the ALJ noted that the record indicates that Plaintiff was able to spend every day collecting cans, carrying up to 300 cans in a bag on his shoulder. Tr. 19, 478. Plaintiff testified that he spent between four and five hours collecting cans each day, pulling a hand cart behind him. Tr. 36-37. The ALJ noted that Plaintiff was able to do housework, including

vacuuming and light cleaning. Tr. 19. The ALJ also noted Plaintiff's wife's report of Plaintiff's daily activities, which include mowing, shopping, and paying the bills. Tr. 21. Mrs. Little's report indicates that Plaintiff mows the law for about 30 minutes and picks up cans "all day," and that he plays pool. Tr. 231-33. Based on the record, I conclude that the ALJ adequately supported his determination that Plaintiff's daily activities were inconsistent with the alleged level of impairment.

The ALJ also noted Plaintiff's drug-seeking behavior, noncompliance with treatment, and the contradiction between Plaintiff's claimed limitations and the objective medical evidence. The ALJ's findings as to Plaintiff's drug-seeking behavior and noncompliance with treatment relate specifically to Plaintiff's back pain and seizure disorder and so are not discussed here. The ALJ's findings as to the objective medical evidence, however, do relate to Plaintiff's claimed handling and fingering limitations.

Although subsequent medical examinations in 2013 did find evidence of right carpal tunnel syndrome and decreased motion in the fingers of Plaintiff's right hand, Tr. 681, the ALJ noted a number of other medical sources which indicated that Plaintiff was not as significantly limited as claimed. In 2010, Dr. Senashova found that Plaintiff was able to grip and hold objects, as well as grasp and manipulate normally, Tr. 481, and noted that Plaintiff was able to remove his shoes without difficulty. Tr. 479. The ALJ also noted benign examination results in April 2011 and December 2011. Tr. 19, 490, 565.

Although Plaintiff advances a different interpretation of the evidence than what the ALJ found, I conclude that the ALJ's credibility findings were adequately supported and constituted clear and convincing reasons for rejecting Plaintiff's testimony.

## IV. The Appeals Council

"'During the Appeals Council review process, a claimant may submit 'any new and material evidence . . . which relates to the period on or before the date of the administrative law judge hearing decision.'" *Bales v. Comm'r*, No. 3:14-cv-01553, 2015 WL 5686884, at *3 (D. Or. Sept. 25, 2015) (quoting 20 C.F.R. § 404.976(b)(1)); *Asbury v. Colvin*, 3:14-cv-1425-BR, 2015 WL 6531325, at *4 (D. Or. Oct. 28, 2015). "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r*, 682 F.3d 1157, 1163 (9th Cir. 2012).

However, when "the Appeals Council determines that the new evidence falls outside of the relevant time period, it has not 'considered' that evidence as that term is used in Social Security regulations." *Bales*, 2015 WL 5676884, at *3; *Asbury*, 2015 WL 6531325, at *4. *See also* 20 C.F.R. § 404.970(b). "If you submit evidence which does not relate to the period on or before the date of the [ALJ] hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence." *Bales*, 2015 WL 5686884, at *3. "The rejected evidence does not become part of the administrative record." *Id.*; *Asbury*, 2015 WL 6531325, at *4.

In this case, the ALJ issued his decision finding Plaintiff not disabled on November 28, 2012. Tr. 23. Plaintiff sought review of the ALJ's decision with the Appeals Council. In support of his application, Plaintiff submitted new evidence, including the medical reports of Dr.

Charles Layman. On August 28, 2013, Plaintiff was seen by Dr. Layman, who found "electrodiagnostic evidence consistent with right carpal tunnel syndrome and ulnar nerve compression in the right upper extremity," as well as a "decreased range of motion in the fingers of [Plaintiff's] right hand." Pl.'s Br., Ex. 1, at 6. Plaintiff underwent surgery for carpal tunnel syndrome on his right hand on September 18, 2013, *id.* at 11, and on his left hand on February 26, 2014. *Id.* at 1.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on May 28, 2014. Tr. 6. In making its decision, the Appeals Council noted that Dr. Layman's reports contained information about Plaintiff's condition after the ALJ's November 28, 2012 decision. Tr. 2. The Appeals Council therefore declined to include Dr. Layman's reports in the administrative record. Tr. 6. On this record, I conclude that the Appeals Council did not err when it declined to incorporate Dr. Layman's post-decision reports into the administrative record.

## V.  No remand is necessary

Remand of an ALJ decision in a social security case occurs under either sentence four or sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991). A sentence four remand is a final judgment that the "agency erred in some respect in reaching a decision to deny benefits" which must be based solely on the administrative record before the district court. *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Sentence six remands, by contrast, do not constitute final judgments. *Id.* at 855. Instead, sentence six remands are made absent a determination of whether the ALJ erred, and only in two situations: (1) "where the Commissioner requests a remand before answering the complaint," or (2) "where new, material evidence is adduced that was for good cause not presented to the agency." *Id.* at 854. The

claimant bears the burden of demonstrating materiality and good cause. *Mayes*, 276 F.3d at 462. Plaintiff seeks remand for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g).

To be material under § 405(g), the new evidence must bear "directly and substantially on the matter in dispute." *Id.* (quoting *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982)); *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010). The claimant must also demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing. *Mayes*, 276 F.3d at 462; *Luna*, 623 F.3d at 1034.

"To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." *Mayes*, 276 F.3d at 463. "A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied." *Id.*, *see also Bales*, 2015 WL 5686884, at *4; *Gibb v. Astrue*, Civil No. 09-533-HA, 2010 WL 988467, at *3 (D. Or. Mar. 15, 2010) *aff'd sub nom. Gibb v. Comm'r*, 420 F. App'x 767 (9th Cir. 2011)).

In this case, Plaintiff contends that Dr. Layman's reports, described in the previous section, constitute new material evidence justifying remand. The Commissioner contends that the new evidence is not material. Plaintiff was examined by Dr. Layman long after the hearing in this case. When evidence post-dates an ALJ's decision, it can still be material. *Booz v. Sec.*, 734 F.2d 1378, 1380 (9th Cir. 1984); *Brewes*, 682 F.3d at 1161-62. In *Booz*, the Ninth Circuit determined that a post-hearing medical record was material because it contained a retrospective analysis of the claimant's condition into the period under the ALJ's review. *Booz*, 734 F.2d at 1380. Dr. Layman's reports contain no such retrospective analysis. In *Brewes*, the court held that the administrative record includes post-decisional material considered by the Appeals

Council. *Brewes*, 682 F.3d at 1161-62. In this case, the Appeals Council rejected Dr. Layman's reports and declined to include them in the administrative record. While Dr. Layman's reports would be material to a subsequent application for benefits, and it appears that Plaintiff was indeed later awarded benefits, I conclude that Plaintiff has not met his burden of demonstrating materiality.

Nor do I find that Dr. Layman's reports create a reasonable possibility of a different outcome. As previously noted, the ALJ had substantial evidence in the record to support his findings as to Plaintiff's limitations in handling and fingering. Dr. Layman's reports support the ALJ's findings of carpal tunnel syndrome, but do not contain any indication of limitations in Plaintiff's function beyond what the ALJ determined to be present. Pl.'s Br. Ex. 1. I also note that Dr. Layman's reports contain statements that would tend to support rather than refute the ALJ's negative credibility findings with regard to Plaintiff's claimed limitations. *Id.* at 7 ("[Plaintiff] did come in with alcohol on his breath for the exam, and I am not sure the exam was totally straightforward today.").

On this record, I decline to order a remand for consideration of Dr. Layman's reports.

## CONCLUSION

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED and this action is DISMISSED.

DATED this _____9_____ day of December, 2015.

OWEN M. PANNER
United States District Judge